UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IQUIQUE U.S., LLC,
a Washington limited liability company,

and

REBECCA IRENE VESSEL LLC
A Washington limited liability company,

Plaintiffs,

v.

LEVI DASYLVA,
individually

Defendant.

IN ADMIRALTY

No.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Iquique U.S., LLC, and Rebecca Irene Vessel LLC make the following complaint for declaratory relief:

{28878-00394590;1}
COMPLAINT FOR DECLARATORY JUDGMENT– Page 1

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

## PARTIES

1. Plaintiff Iquique U.S., LLC, is a Washington limited liability company with its principal place of business in Seattle, Washington. Plaintiff is the operator of the fishing vessel F/T REBECCA IRENE (O.N. 8519679) and the employer of her crew, including Defendant, at all times material hereto.

2. Plaintiff Rebecca Irene Vessel LLC is the owner of the fishing vessel F/T REBECCA IRENE (O.N. 8519679).

3. Defendant Levi Dasylva is a seaman who, on information and belief, currently resides in Seattle, King County, Washington. Defendant is a former employee of Plaintiff Iquique, U.S., LLC.

4. Defendant's employment with Plaintiff Iquique U.S., LLC, required Defendant perform the duties of a seaman aboard F/T REBECCA IRENE while she was afloat and operating in navigable waters. Defendant was employed by Plaintiff Iquique U.S., LLC, and worked aboard F/T REBECCA IRENE in 2015.

## JURISDICTION AND VENUE

5. This action, arising out of an injury a seaman claims occurred aboard a vessel on the navigable waters of the United States, is an action in admiralty under Fed. R. Civ. P. 9(h) and the Court's jurisdiction over this action rests in 28 U.S.C. §1333(1).

6. This is an action for a declaratory judgment under 28 U.S.C. § 2201-2202 for the purpose of determining questions of actual controversy between the parties. Plaintiffs seek a declaratory judgment that the Release of All Claims against Plaintiffs executed by

{28878-00394590;1}
COMPLAINT FOR DECLARATORY JUDGMENT– Page 2

Le Gros Buchanan & Paul
4025 Delridge Way SW
Suite 500
Seattle, Washington 98106-1271
(206) 623-4990

Defendant is valid and enforceable and that Defendant is not entitled to any further amounts from Plaintiffs.

7. Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in this Court, because the Defendant resides in King County, Washington.

## FACTS

8. Plaintiff Iquique U.S., LLC, employed Defendant as a processor aboard the F/T REBECCA IRENE seasonally at various times during 2015.

9. The F/T REBECCA IRENE is a 140-foot steel hulled factory trawler with a crew compliment of approximately 33. She fishes in the waters off the coast of Alaska.

10. On or about July 18, 2015, Defendant worked as a seafood processor aboard F/T REBECCA IRENE.

11. On or about July 18, 2015, Defendant handled fish product in the scope of his employment in the F/T REBECCA IRENE factory. While performing this work, a case of fish fell on the small finger of Defendant's left hand.

12. Upon reporting of the incident, Defendant was provided with onboard medical care and was taken to the Iliuliuk Clinic in Dutch Harbor, Alaska, on July 29, 2015, for medical care. On that date, Douglas Nicholson, M.D. diagnosed an injury to Defendant's extensor tendon, placed the finger in a splint, and recommended Defendant see a hand specialist.

13. After Plaintiffs repatriated Defendant to Seattle, Defendant presented to Dr. William Wagner, Jr. on August 7, 2015, at Seattle Hand Rehabilitation Clinic.

{28878-00394590;1}
COMPLAINT FOR DECLARATORY JUDGMENT– Page 3

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

14. Dr. Wagner opined Defendant appeared to have an old deformity near the tip of the finger from a crush and is missing in part of his nail in that area. Dr. Wagner reviewed x-rays and diagnosed a soft tissue mallet injury left small finger with history of previous P3 injury. He placed Defendant in a full-time extension splinting for six weeks.

15. Dr. Wagner opined that Defendant reached maximum medical improvement on November 11, 2015.

16. On December 8, 2015, Dr. Wagner released Defendant to work as of January 1, 2016.

17. Plaintiffs paid Defendant maintenance of $35.00 per day for each day from July 30, 2015, through December 8, 2015. Defendant did not pay income tax on these payments as it is not required.

18. Plaintiffs paid "cure" for all of Defendant's finger-related medical care from July 18, 2015, through December 8, 2015.

19. Defendant received all maintenance and cure to which he is entitled.

20. On December 16, 2015, Defendant was provided with a document titled "Rights of Seamen." A true and correct copy of this document is attached hereto as Exhibit A.

21. The "Rights of Seamen" document provided to Defendant described in detail Defendant's right to recover maintenance and cure, right to recover for the unseaworthiness of the vessel, and the right to recover under the Jones Act.

22. Defendant signed the "Rights of Seamen" at the bottom of the document, indicating he "read the above article entitled 'Rights of Seamen' and ... understood the

{28878-00394590;1}
COMPLAINT FOR DECLARATORY JUDGMENT– Page 4

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

same." Defendant also acknowledged reading the "Rights of Seamen" document "before signing any release."

23. Defendant read the "Rights of Seamen" document attached hereto as Exhibit A.

24. Defendant understood the "Rights of Seamen" document attached hereto as Exhibit A.

25. Defendant executed a document titled "Release of All Claims" on December 16, 2015.

26. A true and correct copy of the document titled "Release of All Claims" referred to in the preceding paragraph is attached hereto as Exhibit B.

27. Defendant executed the subject "Release of All Claims" after reading the "Rights of Seamen" document attached hereto as Exhibit A.

28. The "Release of All Claims" executed by Defendant provides in part:

> I, Levi Dasylva…residing at 2212 1st Ave. Rm. 215 Seattle, WA 98121…in exchange for payment to me of **SEVEN HUNDRED AND FIFTY AND 0/100 US dollars (USD $750.00)**, which I acknowledge I have received, do hereby forever release and discharge Glacier Fish Co. LLC, Iquique U.S. LLC, Rebecca Irene Vessel LLC, the F/T "REBECCA IRENE"…of each and every right or claim which I now have, or may hereafter have, because of any matter or thing which happened before the signing of this paper; including any claim for damages, maintenance, wages, cure, transportation, reimbursement, or expense, under any law of the United States or any state, whether or not now in existence or known to me, or whether it develops or becomes known to me in the future, which in any way arises out of or is connected with my employment by Iquique U.S. LLC and Rebecca Irene Vessel LLC, onboard the F/T "REBECCA IRENE" up to the signing of this and Release of All Claims.

29. The "Release of All Claims" also provided:

> I consulted with multiple treatment providers regarding my medical condition and the treatment required. I understand the advice I have received from the physicians, and my decision to enter into this settlement is based on a full understanding of my

{28878-00394590;1}
COMPLAINT FOR DECLARATORY JUDGMENT– Page 5

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

medical condition as explained to me by the physicians. At the same time, however, I acknowledge that I may be injured more seriously than the physicians or I know, and that my current condition could worsen in the future. I acknowledge also, that it is my wish to settle this claim and sign this Release of All Claims at this time. I accept the risk that I might be mistaken about the severity of my injury.

30. On the "Release of All Claims," Defendant wrote in answers by hand to a series of printed questions in the document.

31. On the "Release of All Claims," in the space following the question "1. Have you read the Release of All Claims & 'Rights of Seaman'?", Defendant wrote "Yes."

32. On the "Release of All Claims," in the space following the question "2. Have these documents been read to you?", Defendant wrote "Yes."

33. On the "Release of All Claims," in the space following the question "3. If they have been read to you, who read them?", Defendant wrote "Jeff."

34. "Jeff" as written in response to the third question on Defendant's Release of All Claims referred to Plaintiffs' Claims Manager Jeff Gates.

35. On the "Release of All Claims," in the space following the question "4. What is this document you are signing?", Defendant wrote "Release of all Claims."

36. On the "Release of All Claims," in the space following the question "5. Do you know that signing this document entitled Release of All Claims ends EVERY claim you may have for DAMAGES as well as for transportation, maintenance, cure, wages and all other claims?", Defendant wrote "Yes."

37. Defendant dated and printed and signed his name on page 5 of the "Release of All Claims" under a paragraph providing:

> **I HAVE READ AND UNDERSTAND EACH AND EVERY TERM AND WORD OF THIS RECEIPT AND RELEASE OF ALL CLAIMS. I UNDERSTAND IT TO BE A FULL, FINAL, AND COMPLETE RELEASE**

{28878-00394590;1}
COMPLAINT FOR DECLARATORY JUDGMENT– Page 6

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

**INCLUDING WAGES (EARNED AND UNEARNED), MAINTENANCE, CURE, OR ANY OTHER CLAIM WHICH I MAY HAVE, AND I EXECUTE THE RECEIPT AND RELEASE OF ALL CLAIMS VOLUNTARILY BY SIGNING MY NAME BELOW.**

38. Defendant's execution of the Release of All Claims attached hereto as Exhibit B was acknowledged before a Notary Public.

39. In executing the "Release of All Claims," Defendant forever released Plaintiffs from all claims related to the finger injury Defendant claims he sustained in the scope of his employment aboard F/T REBECCA IRENE on or about July 18, 2015.

40. Though he executed the Release of All Claims, Defendant now seeks additional amounts from Iquique U.S. LLC and/or Rebecca Irene Vessel LLC, related to his July 18, 2015, finger injury aboard F/T REBECCA IRENE. Specifically, Defendant seeks to recover for the alleged unseaworthiness of F/T REBECCA IRENE and Plaintiffs' alleged negligence under the Jones Act.

41. Defendant contends the Release of All Claims is not enforceable.

### CLAIM FOR DECLARATORY RELIEF—ENFORCEMENT OF DEFENDANT'S "RELEASE OF ALL CLAIMS"

42. Plaintiffs reassert all preceding paragraphs as if fully set forth herein.

43. Defendant freely executed the "Release of All Claims."

44. Defendant executed the "Release of All Claims" without deception.

45. Defendant executed the "Release of All Claims" without coercion.

46. Defendant executed the "Release of All Claims" with a full understanding of his rights.

47. Defendant, nevertheless, presently contends the "Release of All Claims" is unenforceable and should be set aside.

{28878-00394590;1}
COMPLAINT FOR DECLARATORY JUDGMENT– Page 7

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

48. Based on the foregoing allegations, an actual controversy has arisen and now exists between Plaintiffs and Defendant concerning whether the "Release of All Claims" executed by Defendant on December 14, 2015, and attached hereto as Exhibit B is enforceable.

49. Plaintiffs seek a declaration that the "Release of All Claims" executed by Defendant is valid and enforceable.

WHEREFORE, Plaintiffs request the Court grant the following relief:

1. Enter judgment in favor of Plaintiffs declaring that the Release of All Claims is valid and enforceable and that Defendant is not entitled to pursue any additional maintenance and cure benefits or other claims for damages from Plaintiffs in consequence of the alleged incident of July 18, 2015, or any other circumstance or event or manifestation in his service of the F/T REBECCA IRENE.

2. Enter a judgment awarding Plaintiffs its fees and costs incurred in bringing this action.

3. Award Plaintiffs such other and further relief as the Court deems just and equitable.

//

{28878-00394590;1}
COMPLAINT FOR DECLARATORY JUDGMENT– Page 8

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

DATED this 28th day of March, 2018.

*/s/ Nathan J. Beard*
LOUIS A. SHIELDS, WSBA # 25740
NATHAN J. BEARD, WSBA #45632
LEGROS BUCHANAN & PAUL
4025 Delridge Way S.W., Suite 500
Seattle, Washington 98106
Telephone:  206-623-4990
Facsimile:  206-467-4828
Email:  lshields@legros.com
Email:  nbeard@legros.com
Attorneys for Plaintiffs

{28878-00394590;1}
COMPLAINT FOR DECLARATORY JUDGMENT– Page 9

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990